1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11    KEITH M. PETTY,                    )  NO. EDCV 12-1220 JAK (SS)
                                         )
12                    Plaintiff,         )
                                         )  **MEMORANDUM AND ORDER DISMISSING**
13              v.                       )
                                         )  **COMPLAINT WITH LEAVE TO AMEND**
14    PA-C SHOJAEI, PA-C MARCOS ARID,    )
      MEDICATION TECHNICIAN BLIER,       )
15    MEDICATION TECHNICIAN ALMOND,      )
      and MEDICATION TECHNICIAN          )
16    CHANEY,                            )
                                         )
17                    Defendants.        )
      _____)

18

19                                   **I.**

20                              **INTRODUCTION**

21

22        On July 31, 2012, Keith M. Petty ("Plaintiff"), a federal prisoner

23   proceeding pro se, filed a civil rights complaint pursuant to Bivens v.

24   Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.

25   388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (the "Complaint").  For the

26   reasons stated below, the Complaint is dismissed with leave to amend.[1]

27    _____

28        [1]  Magistrate judges may dismiss a complaint with leave to amend
     without approval of the district judge.  See McKeever v. Block, 932 F.2d
     795, 798 (9th Cir. 1991).

Congress mandates that district courts initially screen civil complaints filed by a prisoner seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if the Court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff names as defendants five Federal Bureau of Prisons employees at the Federal Correctional Complex-Victorville (the "FCC"): certified physician's assistants Shojaei and Arid, and medication technicians Blier, Almond and Chaney.[2] (See Complaint at 2-3). Plaintiff sues all Defendants solely in their individual capacities. (See id.).

Plaintiff alleges that on July 17, 2010, he sustained a stab wound to his face and nose for which he received approximately ten stitches at Victor Valley Community Hospital, an outside medical facility. (Complaint at 4). Upon discharge from the hospital, Plaintiff was returned to the custody of the FCC and placed in the Special Housing Unit (the "SHU"). (Id.). Plaintiff states that throughout the three

---

[2] With the exception of Marcos Arid, the Complaint does not identify any Defendants by their first name.

months that he was housed in the SHU, he was "denied all Medical care, medical attention, medical supplies and even medical advice[,] even after [he] submitted numerous medical request[s] & spoke[] to numerous medical staff/the defendants which are named in this complaint." (<u>Id.</u>). Due to the denial of care in the SHU, Plaintiff endured a "Painful & Terrible" healing process and his injury became infected, which resulted in a "permanent deformity." (<u>Id.</u>).

Plaintiff seeks $650,000 in compensatory damages, punitive damages "in the amount of three times the amount of compensatory damages awarded," and fees and costs. (<u>Id.</u> at 5).

**III.**

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. <u>Pro se</u> litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. <u>See</u> <u>Lopez</u>, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.**   <u>**Plaintiff Fails To State A Claim For Deliberate Indifference To Serious Medical Needs**</u>

Plaintiff claims that he suffered pain and permanent disability when he was denied medical care for three months after receiving stitches to his face and nose. (Complaint at 4). Although Plaintiff

3

lists five individual Defendants in the caption and introduction to the Complaint, he fails to allege any specific facts showing how each of these Defendants personally violated Plaintiff's constitutional rights.[3] (Id. at 1-3). Consequently, the Complaint fails to state a claim for deliberate indifference to serious medical needs and must be dismissed, with leave to amend.

A defendant is liable for the denial or delay of a prisoner's medical care in violation of the Eighth Amendment only when the defendant is deliberately indifferent to the prisoner's known serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). A prisoner must show that the deprivation he suffered was "objectively, sufficiently serious" and that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place, resulting in harm to the plaintiff. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be established." May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted). "[M]ere malpractice, or even gross negligence," in the provision of medical care does not establish a

---

[3]     Exhibits to the Complaint include copies of Plaintiff's administrative grievances, the prison's responses, and Plaintiff's written objections to the grievance denials. While the grievances assert the denial of medical care, they similarly do not explain how the individually-named Defendants were involved in the violation of Plaintiff's constitutional rights.

constitutional violation.  <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

While Plaintiff generally alleges that he was denied medical care for three months in the SHU, he fails to include any specific allegations showing how each individual Defendant was directly and personally involved in the alleged constitutional violations.  Nor does Plaintiff explain how each Defendant's action or inaction caused the harm suffered.  Plaintiff must allege specific facts showing that each individual Defendant knew of Plaintiff's serious medical needs but deliberately denied Plaintiff medical care despite that knowledge, and explaining how each Defendant's action or inaction directly caused Plaintiff harm.  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011).  Accordingly, Plaintiff's claim for deliberate indifference is dismissed, with leave to amend.

**B.    The Complaint Fails To State A Claim To The Extent that Plaintiff Alleges A Right To A Particular Grievance Procedure Or Outcome**

The majority of Plaintiff's Complaint consists of exhibits relating to his administrative grievances.  It is unclear whether Plaintiff is attempting to assert a claim based on the denial of these grievances. Plaintiff is advised, however, that any such claim fails because a prisoner has no right to a particular grievance procedure or outcome. Even though a prisoner must "exhaust his administrative remedies before filing a lawsuit concerning prison conditions," <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 821 (9th Cir. 2010) (citing 42 U.S.C. § 1997e(a)), the denial of a grievance, without more, is insufficient to establish liability.

See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Additionally, there is no constitutional right to a particular grievance process. Jones v. North Carlina Prisoners' Labor Union, Inc., 433 U.S. 119, 130 n.6, 97 S. Ct. 2532, 53 L. Ed. 2d 620 (1977); Mann v. Adams, 855 F.2d 639 (9th Cir. 1988). Accordingly, to the extent that Plaintiff is attempting to assert a claim based on the denial of his grievances, the Complaint must be dismissed, with leave to amend. Plaintiff is cautioned that in any Amended Complaint, he must correct any deficiencies or omit the deficient claim.

## IV.

### CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order to file a First Amended Complaint. In any amended complaint, the Plaintiff shall **cure the defects** described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, by first and last name to the extent possible, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that

is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.** In any amended complaint, the Plaintiff should make clear the nature and grounds for each claim and specifically identify the defendants he maintains are liable for that claim. In addition, each page of the First Amended Complaint must be legible and consecutively numbered.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience</u>.**

DATED:   September 6, 2012

                                                    /S/
                                    _____
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**